IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CHARLES ALBERT LIND,

          Plaintiff,

v.

DAVID BUETTNER,

          Defendant.

Case No. 4:19-cv-00023-RRB

## ORDER OF DISMISSAL

On July 26, 2019, self-represented litigant Charles Albert Lind filed a document titled "claim: trespass; (unlawful papers)" along with the $400.00 filing fee, a civil cover sheet, a "notice filing fee (not required American Common Law)."[1] Subsequently, Mr. Lind has filed the following documents: "Notice; 'right to pursue a claim,'" "notice; jurisdiction;" "notice: Summons in a Civil Action," "order," "notice; claim and counts;" "notice; v[e]nue," "notice: signature;" "notice," "Notice: 'right to pursue a claim,'" "Order," "notice; 'Proof of Service,'" "notice joinder fee," "Order," "Order," "Notice; Default Judgment;" and "Order."[2]

In his complaint, Mr. Lind alleges that "the causal agent of the trespass, comes by way of its use of unlawful papers;" and "trespass did and does harm and

---

[1] Dockets 1–3.

[2] Dockets 4–10, 12–22.

injury to my property."[3] Mr. Lind alleges the "commencement of the wrong and harm began on 23 August 2018 location; ALASKA COURT SYSTEM INC. FAIRBANKS." Mr. Lind names Assistant District Attorney David Buettner in the caption as "wrongdoer," which the Court interprets as defendant. At Docket 8, Mr. Lind further alleges that Assistant District Attorney David Buettner "trespassed upon claimant property," "unlawfully converted my appellation," "corrupted my true blood," and "suffered a series of assaults including harassment."[4] The civil cover sheet states that this is a "private right of action" for the cause of "unlawful papers." For relief, Mr. Lind requests "One hund[r]ed thousand United States of America Silver dollars" in "compensation."[5]

The Court takes judicial notice of the following facts: (1) Mr. Lind is currently being prosecuted in Alaska Superior Court, Case No. 3FA-18-02237CR for Class A Misdemeanor Failure to Stop at the Direction of an Officer and Class C Felony Concealing the Identity of a Vehicle of Equipment; and (2) the defendant is an Assistant District Attorney for the Fairbanks District Attorney's Office, as noted by the Alaska Bar Association.[6]

---

[3] Docket 1.

[4] Docket 8 at 1–2.

[5] Docket 1.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in

## SCREENING STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[7] In a federal court proceeding, a jurisdictional defect may be raised at any time.[8]

## DISCUSSION

Mr. Lind alleges trespass against Assistant District Attorney David Buettner with "the commencement of the wrong and harm" beginning in the Alaska Court System. He further alleges "unlawful of appellation," "corruption of blood," and "assault." Without a federal question or diverse parties, this Court has no jurisdiction to hear this case. Moreover even if this Court did have jurisdiction, the Court would have to abstain in the interest of comity and the *Younger* doctrine. For the reasons explained below, Mr. Lind's complaint is dismissed.

### Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[9] A court's subject matter jurisdiction is its "statutory or constitutional power to

---

another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[7] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[8] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[9] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").

adjudicate a case."[10] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[11] This means that the Court has the authority to hear only specified types of cases.[12] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[13]

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[14] Mr. Lind's complaint does not cite to a federal statute, nor does it allege sufficient facts to state a viable federal constitutional claim.[15] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

---

[10] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[11] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[12] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[13] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[14] 28 U.S.C. § 1331.

[15] *See* Docket 1.

4:19-cv-00023-RRB-DMS, *Lind v. Buettner*
Order of Dismissal
Page 4 of 9

Case 4:19-cv-00023-RRB   Document 24   Filed 09/25/19   Page 4 of 9

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[16] This means that this Court could have jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[17] However, if any defendant if a citizen of the same state as Mr. Lind, then no diversity jurisdiction exists.[18] While Mr. Lind does not formally establish citizenship; the filings indicate that Mr. Lind, and his defendant, Mr. Buettner—an Assistant District Attorney with the Fairbanks District Attorney's Office—are likely both Alaska citizens.[19] The civil cover sheet indicates that $100,000 is the amount in controversy. This amount is above the $75,000 required amount for diversity jurisdiction. However, Mr. Lind has not plausibly alleged diverse citizenship, therefore, this Court does not have diversity jurisdiction over his complaint, regardless of the amount in controversy alleged.

Based on the foregoing, the Court finds it has neither federal question jurisdiction nor diversity jurisdiction over this case. Therefore, this Court has no

---

[16] 28 U.S.C. § 1332; see *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[17] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[18] *Id.*

[19] *See* Docket 1.

subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[20] In light of the foregoing, Mr. Lind's complaint must be dismissed for lack of subject matter jurisdiction.

## Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[21] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[22]

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere

---

[20] Fed. R. Civ. P. (12)(h)(3).

[21] *Younger v. Harris*, 401 U.S. 37 (1971).

[22] *Younger*, 401 U.S. at 54.

with the state proceeding in a way that *Younger* disapproves."[23] If the *Younger* doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[24]

At issue, the State of Alaska has indicted Mr. Lind on one Class C Felony charges and one Class A Misdemeanor. Currently, the state criminal matter against Mr. Lind remains ongoing. The State of Alaska has an important interest in enforcing its laws. Mr. Lind has an opportunity to raise and contest federal constitutional matters in his state court proceeding. Mr. Lind seeks to sue the Assistant District Attorney, because of the criminal action initiated against him, and allowing this federal action to move forward would interfere with the Alaska criminal proceeding in a way that *Younger* disapproves.

Thus, the matter at present fulfills all the requirements for *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction and dismiss the action.

---

[23] San Jose Silicon Valley Chamber of Commerce v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

[24] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

### Futility of Amendment

A Court's decision to grant or deny leave to amend a complaint is discretionary.[25] The complaint does not present either a federal question or a diversity claim. Mr. Lind presents frivolous allegations against an Assistant District Attorney as a result a pending criminal proceeding in Alaska Superior Court.[26] As such, amendment of the complaint is futile and leave to amend will not be granted.

### Filing Fee

At Docket 3, Mr. Lind submits a three page document titled "notice filing fee" with a two page attached exhibit. In this filing Mr. Lind states "It is my wish not to be charged a fee and I do not want to diminish my standing to that of a pauper."[27] After some additional narrative, Mr. Lind states, "So please just take the $400.00 because I need this action to move now. For once this action is settled everything

---

[25] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend a complaint should be freely given unless to do so would be futile); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (stating that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

[26] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that the term frivolous, or frivolous as a matter of law, is a legal term that means a case or complaint "lacks an arguable basis in either in law or in fact.").

[27] Docket 3 at 1.

will be returned. If you wish to allow me to proceed fee free please return the $400.00 check[.]"

At present, there is no motion to refund the filing fee before the Court. If Mr. Lind wishes to seek a refund of his filing fee, he may file a motion to seek In Forma Pauperis status.

**IT IS THEREFORE ORDERED:**

1. The action is dismissed without prejudice for lack of subject matter jurisdiction.
2. If Mr. Lind wishes to seek a refund of his filing fee, he may file a motion to seek In Forma Pauperis status.
3. The Clerk of Court is directed to submit a final judgment accordingly.


DATED at Anchorage, Alaska this 25th day of September, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge
